UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SJF Material Handling, Incorporated,

      Plaintiff,

v.                                                                    Case No. 08-14187

Motor City Scrap, Incorporated,                    Honorable Sean F. Cox

      Defendant.

_____/

**OPINION & ORDER**

On February 10, 2009, Plaintiff filed a Motion to Amend, wherein it seeks to add two additional defendants and several additional claims. Defendant opposes the Motion to Amend, asserting that the claims Plaintiff seeks to add are futile. The parties have briefed the issues and the Court heard oral argument on April 6, 2009. For the reasons that follow, the Court shall grant the Motion to Amend in part and deny the motion in part. The Court denies Plaintiff's Motion to Amend to the extent that the Court denies leave to file the proposed breach of fiduciary duty claims (proposed Counts VI, XIII and XV) and the proposed civil conspiracy claim (proposed Count XVIII) contained in Plaintiff's proposed Amended Complaint because such claims are futile. Plaintiff's Motion to Amend is GRANTED in all other respects.

BACKGROUND

Plaintiff SJF Material Handling, Inc. ("Plaintiff" or "SJF") filed this action against Defendant Motor City Scrap, Inc. ("Defendant" or "Motor City") on September 29, 2008. Plaintiff's original complaint asserts the following 6 counts: "Breach of Contract" (Count I); "Quantum Meruit" (Count II); "Fraud" (Count III); "Misrepresentation" (Count IV);

1

2:08-cv-14187-SFC-PJK   Doc # 19   Filed 04/15/09   Pg 2 of 8   Pg ID 392

"Promissory Estoppel" (Count V); and "Damages" (Count VI).

On November 10, 2008, Motor City filed its Answer and Affirmative Defenses.  It also asserted the following counterclaims: "Count I – Breach of Contract (Value City)," "Count II – Quantum Meruit (Value City)," "Count III – Slander/Defamation (Cinelli)," "Count IV – Tortious Interference (Cinelli)," "Count V – Breach of Contract (Beacon)," and "Count VI - Tortious Interference (Fairless)."

The Scheduling Order in this matter provides that discovery is to close on July 6, 2009, and motions are to be filed by August 7, 2009.

On February 20, 2009, SJF filed the instant "Motion to Amend."   Plaintiff seeks leave to file an amended complaint that would add two individuals as defendants, Jeffrey Scott Seskin ("Seskin") and Gregg Oleshansky ("Oleshansky") and assert additional claims against Motor City.

ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires."  A motion to amend, however, should be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Insur. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Thiokol Corp. v. Department of Treasury, State of Michigan*, 987 F.2d 376, 382-83 (6th Cir. 1993)("This Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment."); *Matz v. Northwest Airlines*, 2008 WL 2064800 (E.D.

2

Mich. 2008).

Here, Motor City opposes SJF's Motion to Amend on the ground that proposed

amendments are futile.  Thus, the Court needs to determine if the challenged claims could

survive a motion to dismiss under FED. R. CIV. P. 12(b)(6).  This Court has previously explained

that, for purposes of this motion, that means:

> "[A] complaint may be dismissed for failure to state a claim upon which relief can
> be granted.  The court must construe the complaint in a light most favorable to the
> plaintiff, and accept all of [his] factual allegations as true.  When an allegation is
> capable of more than one inference, it must be construed in the plaintiff's favor."
> *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted); *see also*
> Fed.R.Civ.P. 12(b)(6).  The plaintiff is not required to provide detailed factual
> allegations, but must provide the grounds of his entitlement to relief by offering
> more than "labels and conclusions."  *Bell Atlantic Corporation v. Twombly*, __
> U.S. __, __ 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007).  A formulaic
> recitation of the elements of a cause of action is insufficient to state a claim.  *Id*.
> at 1965.  The plaintiff is required to plead enough facts to state a claim to relief
> that is plausible on its face.  *Id*. at 1974.

*Matz, supra*, at *2.

A.      SJF's Proposed Breach Of Fiduciary Duty Claims:

Motor City contends that the proposed breach of fiduciary duty claims against it and its

agents arise entirely out of Motor City's obligations under the written contract with SJF and thus

are conclusively barred under the *Hart* and Economic Loss Doctrines.  (Motor City's Br. at 9).

In short, Motor City contends the breach of fiduciary duty claims fail because SJF has not

alleged any fiduciary duty separate from the contract.

"Under Michigan law, an action for breach of fiduciary duty requires an existing

fiduciary relationship."  *Polydyne, Inc. v. Kirk*, 238 F.3d 423, 2000 WL 1888654 (6th Cir.

2000)(citing *Portage Aluminum Co. v. Kentwood Nat'l Bank*, 106 Mich.App. 290, 294 (1981)).

A person in a fiduciary relation to another is under a duty to act for the benefit of the other as to

matters within the scope of the relation.  *Bero Motors v. General Motors Corp.*, 2001 WL
1167533 (Mich.App. 2001).

A fiduciary duty arises where there is a fiduciary relationship between the parties.
Familiar examples are: trustees to beneficiaries, guardians to wards, attorney to clients, and
doctors to patients.  *Portgage Aluminum Co., supra*, at 294.  Michigan court have been "reluctant
to extend the cause of action for breach of fiduciary relationship beyond the traditional context."
*Bero Motors, supra.*

In *Bero Motors,* where the parties were "experienced for-profit entities in a commercial
setting," the court found the plaintiff's "simple allegations of reliance on another" to be
insufficient.  To the extent that SJF seeks to add a breach of fiduciary claim against Seskin and
Oleshanky, the Court finds that SJF's proposed Amended Complaint does not sufficiently allege
the existence of a fiduciary relationship between SJF and Seskin/Oleshansky.

In *Horizon Painting, Inc.  v. Adams*, 2007 WL 600686 (Mich.App. 2007), the Michigan
Court of Appeals explained that "there is no authority for the proposition that a fiduciary
relationship exists between parties to contractual agreements as in this case."  To the extent that
SJF seeks to assert a breach of fiduciary duty claim against Motor City, the Court finds that the
proposed Amended Complaint does not sufficiently allege a fiduciary relationship.

Accordingly, the Court concludes that SJF's proposed fiduciary duty claims (proposed
Counts VI, XIII, and XV) are futile.

B.      SJF's Proposed Fraud And Misrepresentation Claims:

The original complaint included a fraud claim (Count III of Compl.) and a
misrepresentation claim (Count IV of Compl.) against Motor City.  Because those claims were
included in the original complaint, they have already been asserted in this action and they are not

4

at issue in the pending Motion to Amend.  SJF seeks to add, however, additional fraud and

misrepresentation claims against Seskin (Counts X and XI of proposed Am. Compl.) and

Oleshansky (Count XVII of proposed Am. Compl.).

Motor City contends that any such fraud and misrepresentation claims would be barred

by the broad integration clause in the parties' written contract.  (*See* Resp. Br. at 12-13).  In sum,

Motor City contends that under Michigan law you cannot have any reasonable reliance on pre-

contractual representations when you have a broad integration clause like the one seen in the

written contract at issue here.

In response, Plaintiff states that its proposed fraud and misrepresentation claims are **not**

based upon pre-contractual representations.  Rather, it contends that the proposed counts are

based upon "fraudulent acts that took place **after** the contract was formed, and are therefore not

affected by the integration clause."  (Pl.'s Reply at 5)(emphasis added).

Accordingly, the Court concludes that Defendant has not established that the proposed

fraud and misrepresentation claims, which are based on post-contractual representations, are

barred by the integration clause.

C.    SJF's Proposed Civil Conspiracy Claim:

In SJF's proposed Amended Complaint, it seeks to assert a civil conspiracy claim against

Seskin and Oleshanksy, alleging that "Defendant Seskin and Defendant Oleshansky engaged in a

concerted action to wrongfully and unlawfully deprive SJF of funds that were received as

payment for material removed from the Warehouse."  (*See* Proposed Amended Complaint at 21).

In opposing SJF's Motion to Amend, Motor City challenges this proposed civil

conspiracy claim on several grounds, including that it is precluded by the intra-corporate trust

doctrine.

At the April 6, 2009 hearing, SJF's counsel conceded that the proposed civil conspiracy claim (proposed Count XVIIII) is futile.

D.      Remaining Challenges:

Defendant has asserted additional futility arguments regarding the remaining counts contained in Plaintiff's proposed Amended Complaint.  After consideration of those arguments, the Court is not convinced that Defendant has established that the remaining claims would be futile.  In arriving at this conclusion, the Court emphasizes that it makes no determination as to the merits of any of these additional claims.  The Court further notes that some of the arguments raised by Defendant may be more appropriate in the context of a motion for summary judgment.

CONCLUSION & ORDER

Accordingly, the Court **DENIES** Plaintiff's Motion to Amend to the extent that the Court denies leave to file the proposed breach of fiduciary duty claims (proposed Counts VI, XIII and XV) and the proposed civil conspiracy claim (proposed Count XVIII) contained in Plaintiff's proposed Amended Complaint because such claims are futile.  Plaintiff's Motion to Amend is **GRANTED** in all other respects.

Plaintiff is **ORDERED** to file its Amended Complaint within seven (7) days of the entry

of this order.


       **IT IS SO ORDERED**.

                s/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated:  April 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2009, by electronic and/or ordinary mail.

                s/Jennifer Hernandez
                Case Manager